## In the Circuit Court of the State of Oregon
### for the County of Douglas

| | | |
|---|---|---|
| WINCHESTER BAY FISHERIES, LLC, an Oregon Limited Liability Company, | ) ) ) | Case No. 17CV50606 |
| Plaintiff, | ) ) | SUMMONS |
| vs. | ) ) ) | |
| LIBERTY MUTUAL INSURANCE, | ) ) ) | |
| Defendant. | ) | |

TO:  CORPORATION SERVICE COMPANY, Registered Agent for LIBERTY MUTUAL INSURANCE, 1127 Broadway Street N.E., Suite 310, Salem, Oregon, 97301.

*You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.*

NOTICE TO THE DEFENDANT:   READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

CHRISTOPHER W. PETERMAN
ATTORNEY AT LAW, P.C.

By _____
Christopher W. Peterman, OSB #034212
Attorney for Plaintiff

STATE OF OREGON    )
                   )  ss.
County of Douglas  )

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

_____
ATTORNEY OF RECORD FOR PLAINTIFF

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:   You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entit(ies) to whom or which this summons is directed, and to attach your proof of service hereto.

Post office address at which papers in the above-entitled action may be served by mail

Christopher W. Peterman
Attorney at Law P.C.
P.O. Box 1146
Roseburg, OR  97470

_____
ATTORNEY OF RECORD FOR PLAINTIFF

Exhibit 2
Page 1 of 8

11/21/2017 10:08 AM
17CV50606

1  **PREPARED AND SUBMITTED BY:**
Christopher W. Peterman, OSB #034212
2  Attorney at Law, P.C.
420 S.E. Jackson Street / P.O. Box 1146
3  Roseburg, OR 97470
Telephone: (541) 229-0202
4  Facsimile: (541) 673-8786
Email: chris@chrispetermanlaw.com
5

6  Attorney for Plaintiff

7  IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR DOUGLAS COUNTY

| | |
|---|---|
| 8  **WINCHESTER BAY FISHERIES, LLC, an** **Oregon Limited Liability Company** | Case No. |
| 9 | |
| 10                                        Plaintiff, | **COMPLAINT** **(Breach of Contract, Declaratory** **Judgment)** |
| 11  vs. | |
| 12  **LIBERTY MUTUAL INSURANCE,** | |
| 13                                        Defendant. | **Not Subject to Mandatory Arbitration** |

14        Plaintiff generally alleges the following facts in relation to all claims:

15                                        **1.**

16        Plaintiff Winchester Bay Fisheries, LLC is an Oregon limited liability company

17

18  registered in the State of Oregon and is licensed to do and is doing business within Douglas

19  County, Oregon.

20                                        **2.**

21        Plaintiff is informed and believes and on such information and belief, alleges that

22  Defendant Liberty Mutual Insurance is a corporation organized and existing under the laws of a

23  state of the United States and is licensed to do business and is doing business in Oregon and

24  specifically, within Douglas County as an insurance company.

25  ////

**Page 1 – COMPLAINT**

Exhibit 2
Page 2 of 8

**3.**

Amongst other types of insurance, Defendant Liberty Mutual Insurance is licensed to sell comprehensive general liability coverage.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

**4.**

On about June 24, 2016, Plaintiff entered into an insuring agreement with Defendant under policy number BKO(17)572205831 (hereinafter the "Policy") with an effective date of June 24, 2016, through June 24, 2017, providing for comprehensive business liability insurance more thoroughly described in the policy attached hereto and incorporated herein by reference as Exhibit "1".

**5.**

Plaintiff paid all of the necessary premiums and at all times relevant herein, the policy was in full force and effect.

**6.**

On about July 17, 2016, Plaintiff suffered a covered property loss as a result of an ice machine overflowing, causing significant water damage. The loss was reported to Defendant on July 17, 2016, and Defendant has covered part of the costs associated with repair of the water damaged property, but Defendant has failed and refused to pay for portions of the covered loss as alleged in more detail below.

**7.**

In addition to the physical damage provisions, the policy covered loss of business income and Extra Expense Coverage Form, CP00301012, which reads in part:

"A.    Coverage.

Page 2 – COMPLAINT

Exhibit 2
Page 3 of 8

1.    Business Income.

Business Income means the:

a.    Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred; and,

b.    Continuing normal operating expenses incurred, including payroll.

For manufacturing risks, Net Income includes the net sales value of production.  Coverage is provided as described and limited below for one or more of the following options for which a Limit Of Insurance is shown in the Declarations:

(1)    Business Income Including "Rental Value".

(2)    Business Income Other Than "Rental Value".

(3)    "Rental Value".

If option (1) above is selected, the term Business Income will include "Rental Value".  If option (3) above is selected, the term Business Income will mean "Rental Value" only.  If Limits of Insurance are shown under more than one of the above options, the provisions of this Coverage Part apply separately to each.

We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration".  The "suspension" must be caused by direct physical loss of or damage to property at premises which are described in the Declarations and for which a Business Income Limit Of Insurance is shown in the Declarations.  The loss or damage must be caused by or result from a Covered Cause of Loss.  With respect to loss of or damage to personal property in the open or personal property in a vehicle, the described premises include the area within 100 feet of such premises…

5.    Additional Coverages.

c.    Extended Business Income.

(1)    Business Income Other Than "Rental Value".

If the necessary "suspension" of your "operations" produces a Business Income loss payable under this policy, we will pay for the actual loss of Business Income you incur during the period that:

**Page 3 – COMPLAINT**

Exhibit 2
Page 4 of 8

(a)    Begins on the date property (except "finished stock") is actually repaired, rebuilt or replaced and "operations" are resumed; and

(b)    Ends on the earlier of:

(i)    The date you could restore your "operations", with reasonable speed, to the level which would generate the business income amount that would have existed if no direct physical loss or damage had occurred; or

(ii)    60 consecutive dates after the date determined in (1)(a) above.

However, Extended Business Income does not apply to loss of Business Income incurred as a result of unfavorable business conditions caused by the impact of the Covered Cause of Loss in the area where the described premises are located.

Loss of Business Income must be caused by direct physical loss or damage at the described premises caused by or resulting from any Covered Cause of Loss."

**8.**

On or about June 5, 2017, Plaintiff, by and through its attorney, Christopher W. Peterman, Attorney at Law, P.C. made a demand on Defendant Liberty Mutual Insurance for payment of the Plaintiff's lost business income and extended business income loss and supplied Defendant with copies of summaries showing how Plaintiff's loss was calculated. Said demand was for the amount of $136,220.51. A copy of this letter without the attachments is attached hereto and incorporated herein as Exhibit "2".

**9.**

On or about September 21, 2017, Plaintiff, again, by and through its attorney, Christopher W. Peterman, Attorney at Law, P.C., recalculated their business income loss and supplied Defendant with all of the documentation explaining how its loss was being calculated. Said demand was for the amount of $112,413.89 less the $25,000 previously paid by Defendant for a remaining balance of $87,413.89 plus $11,849 which was still owed the restoration

Page 4 – COMPLAINT

Exhibit 2
Page 5 of 8

company.  A copy of this letter without the attachments is attached hereto and incorporated herein as Exhibit "3".

**10.**

Defendant has refused to pay any additional sums and there is now due and owing the sum of $87,413.89 plus $11,849 on the property damage claim.

**11.**

Plaintiff has performed all conditions precedent on its part to be performed pursuant to the policy.

**12.**

Defendant Liberty Mutual Insurance substantially and materially breached the agreement by:

a.      Failing and refusing to pay for the loss of business income, and extended business expenses resulting from the covered loss pursuant to the terms and conditions of its policy.  (Exhibit "1" herein.)

**13.**

As a direct and proximate result of Defendant's breach of the policy, Plaintiff has incurred damages in an amount not less than $99,262.90 to be proven at trial with more certainty.

**SECOND CLAIM FOR RELIEF**
**(In the alternative to its first claim for relief, Plaintiff alleges a**
**Suit for Declaratory Judgment)**

**14.**

Plaintiff hereby re-alleges paragraphs 1 through 13 herein as if set forth in full.

////

////

**Page 5 – COMPLAINT**

Exhibit 2
Page 6 of 8

**15.**

This is a claim for declaratory relief under ORS Chapter 28 for the purpose of determining a question in actual controversy between the parties hereto which Plaintiff and Defendant may have an interest in and may be affected by the declarations requested herein.

**16.**

This is an action for declaratory relief to determine whether Plaintiff, in accordance with the terms and conditions of the "Policy" (Exhibit "1"), is entitled to compensation for loss of business income and extended business loss expenses in an amount not less than $87,413.89 plus $11,849 on the property damage claim or any other amount determined by the Court.

**17.**

Defendant contends that it does not owe Plaintiff any additional funds by virtue of the Policy and that, in fact, Defendant has over paid Plaintiff already.

**18.**

By reason of these conflicting contentions, there is an actual controversy as to whether Defendant owes Plaintiff additional funds. Plaintiff is unable to ascertain the rights of the parties without aid of the Court.

**19.**

Prior to filing this action, Plaintiff attempted to negotiate a resolution of this matter in good faith but Defendant has refused to negotiate in good faith.

**20.**

This claim is alleged in the alternative to Plaintiff's First Claim for Relief, and in the absence of relief under that claim, Plaintiff has no adequate remedy at law.

Page 6 – COMPLAINT

Exhibit 2
Page 7 of 8

**21.**

Plaintiff seeks a declaration that there is insurance coverage for Plaintiff's loss of business income and extended business loss expenses in an amount not less than $87,413.89 plus $11,849 in property damages, or an amount to be set by the Court.

WHEREFORE, Plaintiff prays for judgment as follows:

1.      On Plaintiff's First Claim for Relief, for judgment in an amount not less than $99,262.90, Plaintiff's costs and disbursements plus statutory interest at the rate of nine percent (9%) per annum;

2.      In the alternative, on Plaintiff's Second Claim for Relief, for a judicial declaration that there is coverage under the policy for loss of business income and extended business loss expenses in an amount not less than $87,413.89 plus $11,849 in property damages, or an amount to be set by the Court;

3.      For such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 21st day of November, 2017.

CHRISTOPHER W. PETERMAN
ATTORNEY AT LAW, P.C.


/s/ Christopher W. Peterman
        Christopher W. Peterman, OSB #03421
        Attorney for Plaintiff

Page 7 – COMPLAINT

Exhibit 2
Page 8 of 8